UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY DALEY and KELLEY
DALEY,

    Plaintiffs,                                 Case No. 13-10382

v.                                            Hon. Patrick J. Duggan

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, PHH
MORTGAGE CORPORATION, and
FANNIE MAE, Successor in Interest
Or Assigns,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiffs commenced this action against Defendants Mortgage Electronic Registration Systems ("MERS"), PHH Mortgage Corporation, and Federal National Mortgage Association ("Fannie Mae") in state court seeking damages as well as various forms of declaratory relief to remedy purported violations of Michigan's foreclosure by advertisement statute and the related loan modification statute. Defendants removed this residential mortgage foreclosure action to this Court and subsequently filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Despite sending Plaintiff's counsel notice of the Court's motion practice guidelines, no response has been filed. Having determined that that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument pursuant to Local Rule 7.1(f)(2). It is undisputed that Plaintiffs defaulted under the terms of the loan agreement, that the

foreclosure by advertisement is complete, and that the redemption period expired without Plaintiffs availing themselves of the right to redeem or without having converted the foreclosure by advertisement into a foreclosure conducted with judicial oversight. For the reasons stated herein, the Court grants Defendants' Motion to Dismiss and dismisses Plaintiff's Complaint with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

On November 21, 2008, Plaintiffs Timothy and Kelley Daley accepted a $176,000 loan from Comerica Bank, and, in exchange, executed a promissory note secured by a mortgage on real property located at 140 Our Land Lane, Milford, MI 48381 (the "Property"). (Mortgage, Defs.' Mot. Ex. A, at 1.) Although non-party Comerica Bank is designated as the "Lender" in the mortgage, the mortgage designates Defendant MERS as the mortgagee and as the nominee for Lender and Lender's successors and assigns. (*Id.* at 2.) The mortgage was recorded on December 3, 2008 in Liber 40747, Page 163 of the Oakland County Register of Deeds. (*Id.* at 1.) MERS subsequently assigned the mortgage to Defendant PHH, via an assignment recorded on November 4, 2011 and recorded in Liber 43540, Page 464. (Assignment, Defs.' Mot. Ex. B.)

---

[1] Plaintiffs set forth scant factual detail in their Complaint, although the portion of the Complaint entitled "General Allegations" does provide: (1) Plaintiffs are lawful owners of a parcel of real property commonly known as 140 Our Land Lane, Milford, MI 48381; (2) on or about July 10, 2012, a sheriff's sale was conducted; (3) after the loan was originated, it was transferred or assigned to either PHH or Fannie Mae and possibly both; (4) that "none of the alleged beneficiaries or representatives of the Beneficiary have the original note to prove that they are in fact the party authorized to conduct the foreclosure"; (5) the foreclosure sale was not conducted in accordance with the requirements of Michigan law; and (6) "[t]hat the Trustee who was acting as the agent of the principal failed to have written authorization to act for the principal and under Michigan law the agency relationship must also be in written form." (Compl. ¶¶ 1, 5-10.)

2

In late 2011, Plaintiffs defaulted on the mortgage loan and the loan was referred to Trott & Trott, P.C. for foreclosure. On December 8, 2011, a letter was mailed to Plaintiffs informing them of their right to request a meeting with a housing counselor. (Letter, Defs.' Mot. Ex. C.) Plaintiffs responded to the letter and a loan modification meeting was held on March 27, 2012. (Defs.' Br. x.) Subsequently, Plaintiffs were offered a trial payment plan. (Trial Payment Plan, Defs.' Mot. Ex. D.) Plaintiffs did not remit the payment called for in the trial plan causing Defendant PHH to proceed with the foreclosure by advertisement. (Defs.' Br. x.)

On June 13, 2012, the notice of foreclosure was posted on the Property. (Aff. of Posting, Defs.' Mot. Ex. E.) The foreclosure notice was also published in the Oakland County Legal News once each week for four consecutive weeks beginning on June 11, 2012. The last date of publication was July 2, 2012. (Aff. of Publisher, Defs.' Mot. Ex. F.) At the July 10, 2012 sheriff's sale, Defendant PHH purchased the Property and received a sheriff's deed. (Sheriff's Deed, Defs.' Mot. Ex. G.) On July 13, 2012, Defendant PHH quitclaimed the Property to Defendant Fannie Mae. (Quit Claim Deed, Defs.' Mot. Ex. H.) Pursuant to Michigan law, the statutory redemption period expired on January 10, 2013. Mich. Comp. Laws § 600.3240(8).

Plaintiffs initiated this action in Oakland County Circuit Court on December 20, 2012.[2] Defendants removed the matter to this Court on January 30, 2013, on the grounds of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441, 1446. Defendants subsequently filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 22,

---

[2] Case No. 12-131268-CH.

3

2013. (ECF No. 8.) Despite apprising the parties of the Court's motion practice guidelines, Plaintiffs' did not respond to Defendants' motion.

Plaintiffs' Complaint alleges six counts: (1) Count I – Declaratory Relief; (2) Count II – Fraud; (3) Count III – Violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(b); (4) Count IV – Reformation; (5) Count V – Quiet Title and Set Aside Foreclosure; and (6) Count VI – Injunctive Relief.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) allows the Court to make an assessment as to whether a plaintiff's pleadings have stated a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007), the Court must construe the complaint in favor of the plaintiff and determine whether plaintiff's factual allegations present claims plausible on their face. This standard requires a claimant to put forth "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the requisite elements of their claims. *Id.* at 557, 127 S. Ct. at 1965. Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965) (internal citations omitted); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief [.]").

In determining whether a plaintiff has set forth a "claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974), courts must accept the factual allegations in the complaint as true, *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. This presumption, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65) (internal citations and quotations omitted).

Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of [a legal transgression], the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citations omitted). In conducting its analysis, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

## III.  ANALYSIS

Defendants seek dismissal of all six causes of action arguing that (1) Plaintiffs have failed to plead fraud or an irregularity sufficient to justify the equitable extension of the redemption period and (2) that each of Plaintiffs' individual counts fails to state a claim upon which relief may be granted. The Court first analyzes the effect of the expiration of the redemption period and then analyzes each count individually.

### A.  Expiration of the Redemption Period

In Michigan, statutory law governs foreclosure sales by advertisement, such as the foreclosure at issue in this case. *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 50, 503 N.W.2d 639, 641 (1993). Thus, "[o]nce the mortgagee elects to foreclose a mortgage by this method, the statute governs the" entire process. *Id.* (citing Mich. Comp. Laws § 600.3201, *et seq*.). Once a property is foreclosed and sold at a sheriff's sale, mortgagors have six months to redeem. Mich. Comp. Laws § 600.3240(8). If no redemption is made, the sheriff's deed "become[s] operative, and [] vest[s] in the grantee named therein . . . all the right, title, and interest [] the mortgagor had[.]" *Id.* § 600.3236. Stated differently, mortgagors lose "all their right, title, and interest in and to the property at the expiration of their right of redemption." *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 186, 4 N.W.2d 514, 516 (1942). This rule of law – holding that absolute title vests in the purchaser at the foreclosure sale upon expiration of the redemption period – has been applied consistently "to bar former owners from making any claims with respect to the foreclosed property after the end of the redemption period." *Hall v. Green Tree*

*Servicing, L.L.C.*, No. 12-11811, 2012 U.S. Dist. LEXIS 85955, at *8-9 (E.D. Mich. June 21, 2012) (Edmunds, J.) (collecting cases).

There is, however, one important caveat to the general rule described above. Once a foreclosure sale has taken place and the redemption period has run, a court may allow "an equitable extension of the period to redeem" if a plaintiff makes "a clear showing of fraud, or irregularity" by the defendant. *Schulthies v. Barron*, 16 Mich. App. 246, 247-48, 167 N.W.2d 784, 785 (1969); *see also Freeman v. Wozniak*, 241 Mich. App. 633, 637, 617 N.W.2d 46, 49 (2000) ("[I]n the absence of fraud, accident or mistake, the possibility of injustice is not enough to tamper with the strict statutory requirements.") (citing *Senters*, 443 Mich. at 55, 503 N.W.2d at 643). Notably, the purported fraud or irregularity must relate to the foreclosure procedure. *Reid v. Rylander*, 270 Mich. 263, 267, 258 N.W. 630, 631 (1935) (holding that only the foreclosure procedure may be challenged after a sale); *Freeman*, 241 Mich. App. at 636-38, 617 N.W.2d at 49 (reversal of sheriff's sale improper without fraud, accident, or mistake in foreclosure procedure).

In the instant case, Plaintiffs seek relief in the form of an order from the Court "requiring Defendant[s] to reinstate Plaintiffs on title to their Property, and[/]or an order preventing Defendants and his, hers, or its agents, employees, officers, attorneys, and representatives from engaging in or performing any of the following acts: (i) offering, or advertising this property for sale and (ii) attempting to transfer title to this property and[/]or (iii) holding any auction therefore[.]" (Compl. 18.) Because the redemption period has expired, Plaintiffs must make a plausible showing of fraud or irregularity to

7

state a viable claim for the relief requested. The Court addresses fraud and irregularity in turn.

*1.     Fraud*

Count II of Plaintiffs' Complaint alleges several fraudulent acts on behalf of Defendants. One line of argumentation claims that Defendants verbally promised Plaintiffs different, more favorable loan terms pursuant to a loan modification and then proceeded to wrongfully foreclose the Property. (Compl. ¶¶ 21, 28.) The other line of argumentation contained in the paragraphs contained in Count II is that Defendants were induced into accepting a loan they could not afford based on the misrepresentations at the origination of the loan. (*Id.* at ¶¶ 21, 23-24, 36, 37.) This argument appears to assert fraud at the time of the loan's origination and relies on the idea that Defendants owed Plaintiffs a fiduciary duty.

To prevail on a fraud claim in Michigan, a plaintiff is required to prove: (1) that the defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976) (internal quotations omitted). In actions commenced in or removed to federal court, however, federal pleading requirements govern whether a plaintiff has stated a claim upon which relief may be granted. Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the

8

circumstances constituting fraud or mistake." To satisfy this standard, a claimant must "(1) specify the statements the plaintiff contends were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent." *Louisiana School Employees' Ret. Sys. v. Ernst & Young, L.L.P.*, 662 F.3d 471, 478 (6th Cir. 2010).

Scattered throughout the thirty-eight paragraphs comprising Count II are various assertions that Defendants committed fraud. None of the allegations, however, indicate who made the fraudulent statements or omissions, where and when the statements were made, or specifically what the statements were. In lieu of providing factual enhancement required under the heightened pleading standard of Rule 9, Plaintiff merely parrots the elements of fraud. As such, Plaintiffs have not stated a claim for fraud.

*b.     Loan Modification*

While not pled as a separate count, the Court finds it prudent to address Plaintiffs' claims pertaining to unfulfilled promises of modifying Plaintiffs' loan. (Compl. ¶¶ 21, 28.)

Under Michigan's statute of frauds, any alleged promise by a financial institution to renew, extend, modify, or permit a delay in repayment or performance of loan must be reduced to a writing and signed by the financial institution to be enforceable. Mich. Comp. Laws § 566.132(2)(b). As the Michigan Court of Appeals has explained, this statute precludes a party "from bringing a claim--no matter its label--against a financial institution to enforce the terms of an oral promise[.]" *Crown Tech. Park v. D&N Bank, F.S.B.*, 242 Mich. App. 538, 550, 619 N.W.2d 66, 72 (2000). Assuming Plaintiffs'

9

Complaint contains sufficient factual allegations to establish the existence of an oral promise to modify the loan, Plaintiffs have not alleged the existence of a writing signed by either Defendant confirming any such loan modification. As such, any claim arising from a purportedly fraudulent refusal to modify Plaintiffs loan must be dismissed as barred by Michigan's statute of frauds. *Rydzewski v. Bank of N.Y. Mellon*, No. 12-12047, 2012 U.S. Dist. LEXIS 129955, at *13 (E.D. Mich. Sept. 12, 2012) (Cohn, J.).

c.     *Origination Claims*

The Complaint also appears to allege a claim for fraud in the inducement at the time of origination. (*See, e.g.*, Compl. ¶ 22 ("Plaintiffs allege that Defendants . . . had a duty to disclose the true cost of the loan which was made to Plaintiffs, and the fact that Plaintiffs could not afford the loan in the first instance.").)

In Michigan, fraud in the inducement "occurs where a party materially misrepresents future conduct under circumstances in which the assertions may reasonably be expected to be relied upon and are relied upon." *Custom Data Solutions, Inc. v. Preferred Capital, Inc.*, 247 Mich. App. 239, 242-43, 733 N.W.2d 102, 104-05 (2006) (citation omitted). To establish fraud in the inducement, a plaintiff must show:

> "(1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth and as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage."

10

*Id.* at 234, 722 N.W.2d at 105 (citations omitted). Fraud in the inducement renders the ensuing contract voidable at the plaintiff's option. *Id.* A plaintiff seeking to establish liability under this theory must comply with the pleading requirements of Rule 9(b).

Here, Plaintiffs allege that "Defendants . . . had a duty to disclose the true cost of the loan which was made to Plaintiffs, and the fact that Plaintiffs could not afford the loan in the first instance." (Compl. ¶ 22.) They further allege that "Plaintiff[] acquired the [P]roperty by virtue of the said funding based on the representations of Defendants[,] . . . that the loan was the best they could obtain for [them], and that the loan was well within Plaintiff[s'] financial needs and limitations." (*Id.* at ¶ 23.) Plaintiffs do not specify the statements they content are fraudulent but merely refer to the general subject matter of the alleged statements. Plaintiffs also do not explain how or why the statements were fraudulent.

Plaintiffs also do not allege who made the statements. However, the Court infers that the alleged misrepresentations relate to the conduct of an agent of the originating lender, Comerica Bank, which is not a party to this action. Even if Plaintiffs had adequately pled fraud, which they have not, to the extent the original lender committed misconduct during the loan origination, such conduct cannot be imputed to any Defendant as successors or assignees. *Stacey v. Vista Mortgage Corp.*, No. 10-13769, 2011 U.S. Dist. LEXIS 146726, at *8 (E.D. Mich. Dec. 21, 2011) (Steeh, J.) (citing *Swarich v. OneWest Bank, FSB*, No. 09-13346, 2009 U.S. Dist. LEXIS 108644, at *19 (E.D. Mich. Nov. 20, 2009) (Edmunds, J.) (granting defendant's motion to dismiss

11

because the alleged misrepresentations were made by an employee of the original lender, and not by any employee of defendant company, the current holder of the mortgage)).

Furthermore, because Plaintiffs are not asserting a contract claim but rather a tort claim, Plaintiffs have to allege a duty owed to Plaintiffs by Defendants. "The Michigan Supreme Court has held that in 'tort actions based on a contract,'" such as the case here, "'courts should use a 'separate and distinct mode of analysis.'" *Galati v. Wells Fargo Bank*, No. 11-11487, 2011 U.S. Dist. LEXIS 126124, at *22-23 (E.D. Mich. Nov. 1, 2011) (Cohn, J.) (quoting *Fultz v. Union-Commerce Assoc.*, 470 Mich. 460, 467, 683 N.W.2d 587, 592 (2004)). In this analysis, "the threshold question is whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations. If no independent duty exists, no tort action based on a contract will lie." *Id.*

Plaintiffs vaguely allege that the original lender breached a fiduciary duty owed to them. Under Michigan law, "a fiduciary relationship arises from the reposing of faith, confidence, and trust and the reliance of one on the judgment and advice of another." *Teadt v. Lutheran Church Mo. Synod*, 237 Mich. App. 567, 580-81, 603 N.W.2d 816, 823 (1999). "[T]here is generally no fiduciary relationship between a mortgagor and a mortgagee." *Coyer v. HSBC Mortgage Servs., Inc.*, 701 F.3d 1104, 1108 (6th Cir. 2012) (citing *Sallee v. Fort Knox Nat'l Bank, N.A. (In re Sallee)*, 286 F.3d 878, 893 (6th Cir. 2002)). Plaintiffs have not shown any that any special circumstances exist to avoid the general rule that the relationship between a mortgagor and a mortgagee does not involve fiduciary duties. *Id.*

For the reasons above, Plaintiffs fail to state a claim upon which relief may be granted, as the fraud count lacks particularity and misconduct in the loan origination cannot be imputed to the assignee of a mortgage. Count II is accordingly dismissed.

### 2. *Irregularity*

Plaintiffs appear to assert two bases for a finding that an irregularity occurred in connection with the foreclosure proceedings and that rescission of the foreclosure sale is appropriate. First, Plaintiffs suggest that the separation of the Note and Mortgage deprived Defendant PHH of authority to foreclose the Property. (Compl. ¶¶ 19, 40-41, 44, 53.) Second, Plaintiffs contend that "the foreclosure sale of the Subject Property was not executed in accordance with the requirements of" Michigan Compiled Laws § 600.3204. (*Id.* at ¶¶ 42-44, 50, 52, 55.) Neither argument has merit.

*a. Separation of the Note and Mortgage*

Count II appears to assert a claim under the theory that a mortgage may not be assigned without the note. Irrespective of the allegations, however, Plaintiffs lack standing to challenge the assignment. *See, e.g.*, *Livonia Properties Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings, L.L.C.*, 717 F. Supp. 2d 724, 737 (E.D. Mich. 2010) (holding that "a litigant who is not a party to an assignment lacks standing to challenge that assignment"), *aff'd*, 399 F. App'x 97, 103 (6th Cir. 2010). This is particularly true where "any defect in the assignment of the mortgage would make no difference where both parties to the assignment ratified the assignment by their subsequent conduct in honoring its terms[.]" *Yuille v. Am. Home Mortgage Servs., Inc.*, 483 F. App'x 132, 135 (6th Cir. 2012). Even if the underlying indebtedness was

13

somehow separated from the Mortgage, any such transfer has no impact on the validity of the Mortgage, particularly when there is no risk that a mortgagor will have to pay the same debt twice. *Residential Funding Co. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011); *Livonia*, 399 F. App'x at 103.

Despite alleging that "none of these alleged beneficiaries or representatives of the Beneficiary have the original note to prove that they are in fact the party authorized to conduct the foreclosure[,]" (Compl. ¶ 41), Plaintiffs do not allege a tangible threat of having to pay the same debt twice. Plaintiffs, therefore, lack standing to challenge any purported deficiencies in the assignment of the note.

b.      *Violation of Michigan Compiled Laws § 600.3204*

Plaintiffs also contend that the notices and foreclosure failed to conform with the provisions of" Michigan Compiled Laws § 600.3204. (Compl. ¶¶ 42-44, 50, 52, 55.) Beyond these generalized assertions that Defendants violated this provision, however, the Complaint provides no factual basis to support this assertion and such conclusory allegations do not suffice to survive a Rule 12(b)(6) motion.

In sum, Plaintiffs' allegations are so lacking in factual support that they fail to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted). The Complaint falls far short of providing the factual detail necessary to justify the relief sought. The Court concludes that Plaintiffs have failed to allege the fraud or irregularity necessary to set aside the foreclosure and further concludes that the other forms of relief sought to remedy the

purported fraud are not justified. Count II of the Complaint is therefore dismissed with prejudice. Count IV, which seeks the remedy of reformation for Defendants' allegedly fraudulent conduct, is also dismissed with prejudice.

**B.     Plaintiff's Remaining Claims**

*1.     Count III – RESPA Violation*

In Count III of Plaintiffs' Complaint, Plaintiffs assert that Defendants "violated both the terms and spirit of" the RESPA, 12 U.S.C. § 2601 et seq. (Compl. ¶ 59.) Plaintiffs, however, have provided not a single factual allegation to bolster this bold declaration. It is unclear from the face of the Complaint which section of the statute Defendants allegedly violated or what conduct forms the basis of this cause of action. Accordingly, Count III is dismissed with prejudice.

*2.     Counts I, V, and VI – Various Forms of Relief*

The remaining four counts all seek various forms of relief from this Court. Count I seeks declaratory relief, Count V seeks to quiet title in favor of Plaintiffs, and Count VI seeks injunctive relief. Plaintiffs have alleged neither facts nor a legal basis supporting application of these remedies. Because Plaintiffs have not shown an entitlement to any form of relief on the cognizable causes of action contained in their Complaint, the remaining counts seeking relief for those alleged violations are also subject to dismissal.

### IV.     CONCLUSION AND ORDER

For the reasons set forth above, the Court concludes that Plaintiffs' Complaint fails to state a claim for relief on any of the six counts included therein.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss, (ECF No. 8), is **GRANTED** and Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

Date: June 20, 2013

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:

**Emmett D. Greenwood, Esq.**
**Anna K. Witkowska, Esq.**
**Janetta A. Pittman, Esq.**